**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GIANCARLOS MAYTA BUSTAMANTE,<br><br>Petitioner,<br><br>v.<br><br>WARDEN ADELANTO ICE PROCESSING CENTER, et al.,<br><br>Respondents. | **CASE NO.** 5:26-CV-06851-CTS<br><br>**ORDER GRANTING UNOPPOSED PETITION FOR WRIT OF HABEAS CORPUS** |

On November 13, 2026, Petitioner Giancarlos Mayta Bustamante ("Petitioner"), represented by counsel, filed a Petition for Writ of Habeas Corpus ("Petition"). (Pet., ECF No. 1.) The Petition alleges that Petitioner is in the custody of the United States Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE") in Adelanto, California and being held in violation of the Constitution and laws of the United States. (*See generally id.*) On November 16, 2026, Respondents were served with the Court's Notice of General Order 26-05 and Briefing Schedule, pursuant to which Respondents' Notice of Appearance was due November 19, 2026, and their Answer was due November 23, 2026. (ECF No. 5.) Respondents have filed neither document and

have not answered or otherwise responded to the Petition.

The Court understands that Respondents' decision not to file an answer or otherwise respond to the Petition is a deliberate choice and not inadvertent. *See Carrillo v. Mullin*, No. 5:26-CV-05229-SK, 2026 WL 2815883, at *1 n.1 (C.D. Cal. Sept. 18, 2026) ("The Court has been told that the United States Attorney's Office is adopting a practice and policy of making no appearance—and filing no answer, even one that contains a non-opposition statement—if Respondents have no intent to oppose a given immigration habeas petition after it has screened the petition on the merits.") "In our adversarial system of adjudication, we follow the principle of party presentation" meaning that "in both civil and criminal cases, in the first instance and on appeal . . . we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present." *United States v. Sineneng-Smith*, 590 U.S. 371, 375 (2020) (internal quotation omitted). Further, "as a general rule, our system is designed around the premise that [parties represented by competent counsel] know what is best for them, and are responsible for advancing the facts and argument entitling them to relief." *Id.* at 375–76 (alteration in original) (internal quotation omitted). Indeed, the Supreme Court recently reminded the lower courts that they are "essentially passive instruments of government" and thus "points not argued will not be considered." *Margolin v. Nat'l Ass'n of Immigr. Judges*, 608 U.S. 339, 342 (2026) (citations and quotation marks omitted). On the absence of any responsive opposition alone, this Court may grant the Petition.

The Court incorporates the facts as set forth in the unopposed Petition regarding Petitioner's background and immigration history and does not repeat them here. (*See generally* Pet.) Having reviewed the facts, the Court is satisfied that the Petition sets forth a claim that Petitioner, having entered the United States on or about September 1, 2022, been detained by Respondents and then released under an Order of Supervision and enrolled in the Alternatives to Detention

program, and who married a United States citizen and had a U.S. citizen child while out of custody, had a protected liberty interest in his continued freedom from custody, and that his re-detention on October 23, 2026, without prior notice, reason, or an opportunity to contest the basis for his re-detention, violated due process and merits relief. (Pet. ¶¶ 1–11.) *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976); *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025); *Perez Bueno v. Janecka*, No. 5:25-CV-03376-CAS-BFM, 2026 WL 309934, at *3 (C.D. Cal. Feb. 5, 2026).

Petitioner seeks immediate release from custody and injunctive relief prohibiting his re-detention unless he is first provided with notice, a pre-deprivation hearing, and an opportunity to be heard. (Pet. 10.) Based on the Court's review of the Petition and in light of Respondents' decision not to oppose the relief sought, IT IS THEREFORE ORDERED THAT:

1. Judgment shall be entered GRANTING the unopposed Petition;
2. Respondents MUST RELEASE **Petitioner Giancarlos Mayta Bustamante (A 098-436-851)** from custody within 24 hours of entry of this Order under the same conditions that were in place prior to his re-detention; and
3. Respondents are ENJOINED from re-detaining Petitioner unless he is first provided with notice, a pre-deprivation hearing, and an opportunity to be heard.

DATED: November 24, 2026

CHRISTINA T. SHAY
UNITED STATES MAGISTRATE JUDGE